[No. 1786.]

## H. C. WALTERS *v.* THE STATE.

1. THEFT — CONTINUANCE — DILIGENCE.— FLIGHT of the defendant after the perpetration of the offense was a principal inculpatory fact relied upon by the State. Two of the defendant's witnesses gave, at the examining trial, satisfactory explanations of why the defendant left the place at the time he did. Being bound over by the examining court, the defendant had these two witnesses recognized to appear and testify before the district court. Upon the finding of an indictment, the defendant, ascertaining that the said witnesses were absent, procured the immediate issuance of attachments for them. When the case was called for trial, the said witnesses being absent, the defendant first asked a postponement, and then a continuance, setting forth his diligence as above, and the materiality of the evidence, exhibiting the same as taken before the examining court. The materiality of this evidence was again asserted in the motion for new trial. All of his motions were overruled. *Held*, that the trial court erred, because the defendant had the right to controvert the State's theory of flight as evidence of guilt, and the application for continuance showed merit, both in point of diligence and the materiality of the absent testimony.

2. SAME.— The evidence shows that the prosecutrix handed the defendant a twenty-dollar bill to change, and that he, pretending that he did not have a

sufficiency of small money to change it, handed her back a one-dollar bill instead of the twenty-dollar bill.  Upon this state of case, appellant's counsel insist that the amount actually stolen was but $19, and that, therefore, the conviction can be, in no event, for an offense higher than a misdemeanor.  But *held* that the argument, though specious, is not sound.  The indictment charges the theft of the twenty-dollar bill, and if the evidence shows any offense at all, it shows a felony, because it shows that the prosecutrix lost the twenty-dollar bill, and that defendant took the twenty-dollar bill.

APPEAL from the District Court of Collin.  Tried below before the Hon. R. Maltbie.

The conviction in this case was for the theft of a twenty-dollar United States currency bill, the property of Sophia Doss, in Collin county, Texas, on the 23d day of January, 1884.  A term of two years in the penitentiary was assessed against the appellant as punishment.

Miss Sophia Doss was the first witness for the State.  She testified that on the 22d day of January, 1884, she resided at the Allison House, which was situated a short distance west of the public square in the town of McKinney, Collin county, Texas.  The house spoken of was a hotel.  The defendant and another man came to the Allison House that day, and remained over night.  On the next day, the 23d of January, 1884, the defendant got from the witness a twenty-dollar United States currency bill.  The witness first understood the defendant to ask her if she could give him change for a twenty-dollar bill, and replied that she could not.  He then asked her if she could give him a twenty-dollar bill for small change.  This may possibly have been what he asked her at first.  The witness, who was the cashier of the Allison House, replied that she could, and, unlocking her trunk and taking therefrom a twenty-dollar bill, she handed it to the defendant.  The defendant then counted out $19.25, and after feeling about his pockets, remarked that he did not have quite enough change, and handed back to the witness what she thought at the time was the same twenty-dollar bill.  He took his own money back and remarked that he got his money at the bank that morning, and that the bank had beaten him out of some change, and he would go and see about it.  Before leaving the house he asked the witness if he could get a room by himself for that night, if he paid more for it.  Witness told him that he could, and he left.  This was between 1 and 3 o'clock in the afternoon.  He did not return to the Allison House that night, and the witness did not see him again until after his arrest.

The witness had taken in the twenty-dollar bill that morning, and

had sole and absolute custody of the same. She had it in her trunk until she took it out and handed it to the defendant. The trunk was securely locked, and the only trunk key was, all of the time, in the personal possession of the witness. The defendant did not give the witness back the twenty-dollar bill, nor did he give her any money to that amount. He gave her a one-dollar United States currency bill. This bill, without examining it, the witness placed in the trunk from which she had taken the twenty-dollar bill. She locked the trunk immediately, and kept the key herself. Within a few minutes after the defendant left, the witness went to the trunk, took out the bill she had received from the defendant, and found that it was of the denomination of one dollar. Defendant did not then, and has not since, returned the twenty-dollar bill the witness handed him.

The cross-examination of this witness developed nothing of importance.

Alice Doss testified, for the State, that she heard her sister Sophia and the defendant discussing the exchange of some money on the day alleged in the indictment. She also heard the defendant engage lodging for that night. A few minutes after the defendant left, witness and Sophia went to the trunk from which Sophia took the twenty-dollar bill, and found that it contained only a one-dollar bill.

W. L. Boyd, cashier of the Collin County Bank, testified that he had no recollection of making change for the defendant on the 23d day of January, 1884. T. T. and T. H. Emerson, of the only other bank in the town of McKinney, testified to the same effect.

L. A. Hartman testified, for the State, that he arrested the defendant in Farmersville on or about the 23d day of January, 1884. Defendant's business seemed to be that of a peddler of trinkets at auction.

The application for a continuance, the ruling upon which is the subject-matter of the first head-note of this report, recites that, by one Jacobs and one Lynch, the defendant expected to prove that he followed the occupation of a street auctioneer of wares and goods; that the city of McKinney, in which city the defendant was at the time of the alleged offense, had, by ordinance, prohibited the following of such occupations on the streets; that, acting for themselves and this defendant, the said Jacobs and Lynch investigated the matter, and informed the defendant that he could not pursue his occupation in McKinney, and that, finding a train ready to leave, the defendant and Lynch left McKinney in pursuit of their legitimate calling.

· The motion for new trial assailed the charge of the court, the action of the court in admitting evidence to the effect that defendant left the town of McKinney shortly after the commission of the offense, denounced the verdict as against the law and the evidence, and raised the questions discussed in the opinion.

*Abernathy & Bro.*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE.   One of the principal inculpatory facts against defendant relied on by the State was that defendant, prior to the time he committed the offense charged, had engaged a room at the boarding house, and that, after obtaining the twenty-dollar bill, he left and went off to a distant place, where he was found, arrested and brought back.   In other words, a flight was proven as evidence of his criminality.

It appears that after his arrest an examining trial was had before a justice, and on that trial two of defendant's witnesses gave a satisfactory account of the reasons why defendant left on the day and just after the money is claimed to have been taken, and went with them to the place where he was subsequently arrested.   When the defendant was bound over at this examining trial, he had these two witnesses recognized to appear and testify on the trial in the district court.   When an indictment was preferred against him, and he ascertained that said witnesses were absent, he immediately sued out attachments for them.   When the case was called for trial in the district court, defendant asked first a postponement and then a continuance on account of the absence of the witnesses, setting up the diligence used as aforesaid, and showing the materiality of the testimony, and exhibiting in support of his application the testimony of the witnesses as taken at the examining trial.   Attention of the court was again called to the materiality of this testimony on the motion for a new trial.   All of defendant's motions were overruled.

We are of opinion the court erred.   If the State endeavored to show flight as an evidence of guilt, it was clearly defendant's right to controvert this evidence, and his application for continuance showed merit in point of diligence as well as in the materiality and probability of the testimony.   The judgment will necessarily have to be reversed on this ruling.

In reversing the case upon this ground it is perhaps well that we should consider another question earnestly insisted upon by appel-

lant's counsel as conclusive of the fact that in no event could defendant be found guilty of a felony under the evidence adduced in behalf of the prosecution, but that his offense, if any, was but a misdemeanor, the amount stolen, if any, by him being less than $20. As shown by the testimony, defendant proposed to give the prosecuting witness change for a twenty-dollar currency bill. She, the witness, handed the defendant the twenty-dollar bill, and when he pretended he did not have a sufficiency of change he handed her back, instead of the twenty, a one-dollar bill. It is insisted that if he stole any money at all, he only stole $19, because he gave her back $1.

The argument is specious, but not sound. He is charged with stealing the twenty-dollar bill; the evidence shows he got the twenty-dollar bill. The owner evidently never intended to part with the twenty-dollar bill; for the only condition upon which she agreed to part with the possession and title was that he would give her $20 in change. This condition was not complied with, and his taking the twenty-dollar bill was fraudulent, even though he gave her the one-dollar bill in return. His object was to get the twenty-dollar bill — not $19 — and, in order to do that, he had to give her $1. The twenty-dollar bill was what she lost and what he took. That is the charge in the indictment, and if he is guilty of any offense, it is the theft of the twenty-dollar bill.

Because the court erred in overruling defendant's application for a continuance, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

[Opinion delivered November 26, 1884.]